IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEAN WORKMAN,

           Plaintiff,

v.                                     CIVIL ACTION NO.   2:22-cv-00182

LOK HOME,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motions to Dismiss and Alternative Motions to Transfer or Stay of Defendant Lok Home* (Document 4) and the *Memorandum in Support of Motions to Dismiss and Alternative Motions to Transfer or Stay of Defendant Lok Home* (Document 5). Therein, the Defendant seeks to enforce a forum selection clause contained in an agreement entered into by the parties. The Defendant moves for dismissal without prejudice based on improper venue or the doctrine of *forum non conveniens*, or to have the case transferred pursuant to 28 U.S.C § 1404(a). For the reasons stated herein, the Court finds that the Defendant's motion should be granted, and the matter should be transferred to the United States District Court for the Northern District of Ohio.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2016, Dean Workman and Lok Home entered into a Membership Unit Purchase Agreement and signed a Promissory Note related to a transfer of real property (Document 4-1). Both documents contained forum selection clauses and choice of law provisions. The Membership Unit Purchase Agreement provides:

> 8.5 <u>Governing Law and Venue</u>. This agreement shall be deemed to be made in and in all respects shall be interpreted, construed and governed by and in accordance with the laws of the state of Ohio without regard to the conflict of law principles thereof. The parties hereby irrevocably submit to the jurisdiction of the courts of the state of Ohio and the federal courts of the United States of America located in the State of Ohio. The parties hereby consent to and grant any such court jurisdiction over the person of such parties and over the subject matter of such disputes.

(Document 4-1 at 3-4). Similarly, the Promissory Note, which is attached as an exhibit to the Membership Unit Purchase Agreement, states:

> This Note shall be governed by and construed in accordance with the laws of the State of Ohio applicable to agreements made and to be performed entirely within the State of Ohio, without regard to the conflicts of law principles thereof.
>
> Maker irrevocably agrees that all actions or proceedings in any way, manner or respect, arising out of or from or related to this Note shall be brought exclusively in the Courts of Record of the State of Ohio in Summit County or the United States District Court, Northern District of Ohio. Maker consents to the jurisdiction of such Ohio Courts in any such civil action or legal proceeding and waives any objection to the venue of any such civil action or legal proceeding in such Ohio courts.

(Document 4-1 at 8). A dispute regarding the duties and rights arising from these documents is currently the subject of a declaratory judgment action pending in the United States District Court for the Northern District of Ohio. That matter was initially docketed as Case No: 5-22cv00633. However, it is now docketed as 1:22-cv-00633.

The instant matter was initially filed in the Circuit Court of Fayette County, West Virginia. (Document 1). While the Complaint focuses on an alleged breach of contract by the Defendant, the Plaintiff details the signing of the Promissory Note and the transfers of property executed through signing the Membership Unit Purchase Agreement and the Promissory Note.

Additionally, the Complaint alleges, in part, that the contract at issue was entered because of failed payments required under the Promissory Note. The Defendant removed the matter to this Court on April 14, 2022 (Document 1) and filed the motion to dismiss, transfer, or stay this matter on April 21, 2022. (Document 4).

## DISCUSSION

The Defendant argues that the forum selection clause in the previously executed agreements between the parties require that this matter be adjudicated in the agreed upon venue. Thus, the Defendant asserts that this matter must either be dismissed without prejudice or transferred. The Plaintiff filed no response.

"As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so." *BAE Sys. Tech. Sol. & Servs. Inc., v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2013) (citation omitted). This presumption applies when the forum selection clause is mandatory, or *requires* that litigation occurs in a specific venue or forum. *Id.* The presence of such a clause "reverses the presumptions" in favor of the Plaintiff's chosen forum, and instead, the clause "is 'given controlling weight in all but the most exceptional cases,' and the plaintiff bears the burden of proving why it should not be enforced." *Id.* at 471 (citation omitted).

In this case, the clauses appear to be mandatory, and broad in applicability to potential disputes. Specifically, the agreements include mandatory language regarding submission to the jurisdiction of the Ohio courts and applies to all matters arising from the agreements. The Membership Unit Purchase Agreement includes clear forum selection language without any noted exceptions or caveats. Additionally, the Promissory Note, which was attached as an exhibit to the

broader agreement, states that "all actions or proceedings in any way, manner or respect, arising out of or from or related to this Note shall be brought exclusively in the Courts of Record of the State of Ohio in Summit County or the United States District Court, Northern District of Ohio." (Document 4-1). This broad language includes not only disputes related to the specific terms of the Note but to any disputes arising from circumstances related to the Note. As detailed in the Plaintiff's factual assertions, this case arose from an alleged breach of an agreement intended to resolve a dispute over the property at issue in the initial agreements. By the plain terms of the Membership Unit Purchase Agreement and the Promissory Note, that dispute appears to be covered under the forum selection clause. Moreover, the instant Complaint alleges that this breached agreement was entered into as a result of the Defendant's failure "to make annual interest payments or any principal payments on the note." (Document 4-1). This is a direct dispute over the Promissory Note itself, and thus unquestionably falls within the language of the forum selection clause. Absent a response from the Plaintiff to dispute these assertions, the record appears to establish that this conflict arose under circumstances covered by the forum selection clauses and thus presumptively should be properly adjudicated in compliance with those clauses.

Section 1404 of Title 28 of the United States Code outlines the proper bases for a transfer of venue. Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Supreme Court has held that this section applies to a motion to transfer due to the presence of a forum selection clause. *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 29 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In considering the motion to transfer, a district court must consider several "case specific factors" and the existence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Id.*

Here, an examination of the facts and factors support transfer. The parties currently have a matter pending in the United States District Court for the Northern District of Ohio, and therefore judicial economy and convenience to the parties support resolving all matters together. Parties and witnesses are located both in West Virginia and Ohio, so neither forum appears overwhelmingly and unfairly inconvenient to either party. Both potential venues may provide some level of inconvenience to at least some of the relevant parties or witnesses, and nothing indicates that maintaining this action in West Virginia is critical toward the collection or view of evidence. Additionally, the forum selection clause contained in the agreement between the parties appears to be mandatory. As the Plaintiff filed no response to the pending motion, they have not articulated why the Court should disregard the presumption in favor of enforcing the agreement. Given the lack of other case specific factors in favor of resolving this matter in this venue, the presence of the clause weighs heavily in balancing all factors. Accordingly, the Court finds that it is in the interest of justice for this matter to be resolved in the United States District Court for the Northern District of Ohio.

Wherefore, after careful consideration, the Court **ORDERS** that the *Motions to Dismiss and Alternative Motions to Transfer or Stay of Defendant Lok Home* (Document 4) be **GRANTED**, and that this matter be **TRANSFERRED** to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C § 1404(a).

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of United States District Court for the Northern District of Ohio, to counsel of record, and to any unrepresented party.

ENTER: May 18, 2022

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA